THE STATE OF OHIO *v.* BERRY.

(No. 19829—Decided March 15, 1965.)

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon C. Hapner,* for plaintiff.
*Messrs. Wilson, Wilson & Wilson,* for defendant.

HOTTLE, J. Plaintiff, the state of Ohio, has brought action against defendant, Berry, to collect the assessments imposed by

the Tax Commissioner by certification of judgments in this court at various dates for the collection of sales tax liabilities. To the petition defendant has demurred, claiming that the statute of limitations precludes jurisdiction over the first three assessments because of time lapse, and further that the petition is defective as to all assessments because no executions were levied. The court finds that the latter contention has no validity.

As to the contention regarding the first three assessments, the court finds the demurrer well taken by reason of the lapse of more than five years. Section 2329.07, Revised Code. But the court overrules the demurrer as to the last assessment because such five-year period has not run. The opinion of the Attorney General in 1961, No. 1986, bears upon the question presented, but does not specifically decide it. However, the reasoning therein appears solid and it is cited for reference purposes.

Section 2323.01, Revised Code, defines "judgment" in the same language as contained in its predecessors, Section 11582, General Code, and Section 5310, Revised Statutes. As pointed out by the Attorney General, the statutory definition does not encompass "assessments," upon which this action is based, the latter being authorized by and created a judgment by virtue of Section 5739.13, Revised Code (formerly Section 5546-9a, General Code, effective July 4, 1961; Section 5546-9, General Code, was effective January 1, 1937). The last two General Code sections have no predecessors.

The language contained in Section 5739.13, Revised Code, regarding the filing of the Tax Commissioner's certified copies of his entries of assessments is substantially the same as that formerly contained in Section 5546-9a, General Code (wherein the clerk is required to enter and file a judgment)—that, from the date of such filing, assessments "shall have the same effect as other judgments."

Section 11656, General Code (now Section 2329.02, Revised Code) was effective August 30, 1935 and, of course, its predecessors, S. & C. 1064, and Section 5375, Revised Statutes, had been effective prior to that time. That General Code section created a lien upon land and tenements of judgment debtors from the time there was filed a certificate of judgment in the office of the clerk of the court of common pleas. Effective the same date, August 30, 1935, was Section 11663, General Code (predeces-

sors: S. & C. 1067 and Section 5380, Revised Statutes; now Section 2329.07, Revised Code) wherein it was provided that judgments became dormant if specific action was not taken within five years from the date of the judgment or the issuing and filing of the last certificate thereof or the issuance of the last execution thereon.

The General Assembly is assumed to legislate with knowledge and in the light of existing statutory provisions. 50 Ohio Jurisprudence 2d Statutes, Section 217. Therefore, when the General Assembly enacted Sections 5546-9a and 5546-9, General Code, providing for the assessments and their treatment as judgments under the Sales Tax Act, it was aware of the required steps to avoid and prevent dormancy of judgments. Knowing this, the General Assembly made no special provision, but gave them the same effect as other judgments.

The court finds, in the event of the lapse of five years from the date of an assessment, under Section 5739.13, Revised Code, being certified and filed in the office of the clerk of the common pleas court as provided in such section or from the date of the issuance of the last execution thereon or the issuance and filing of the last certificate of judgment as provided in Section 2329.07, Revised Code, that the assessment, merged into judgment by virtue of Section 5739.13, Revised Code, becomes dormant by virtue of Section 2329.07, Revised Code.

*Demurrer sustained in part and overruled in part.*